IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYMBOL TECHNOLOGIES, INC. | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | CASE NO.  2:05 CV 509 |
| | § | PATENT CASE |
| METROLOGIC INSTRUMENTS, INC. | § | |
| | § | |
| **Defendant** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Metrologic Instruments, Inc.'s Motion and Memorandum of Law in Support of its Motion to Transfer Venue to the Southern District of New York (Docket No. 11).  Having considered the parties' written and oral arguments, the Court **DENIES** the motion.

**BACKGROUND**

Symbol Technologies, Inc. accuses its competitor, Metrologic Instruments, Inc., of infringing U.S. Patent Nos. 5,479,002; 6,631,845; 5,646,390; 5,521,366; 5,591,952; and 6,854,655.  The patents relate to the field of laser scanners and dataform readers.  Symbol is a Delaware corporation and maintains its principal place of business in the Eastern District of New York, in Holtsville, New York.  Metrologic is a New Jersey corporation, with its principal place of business in Blackwood New Jersey, in the District of New Jersey.  Metrologic moves the Court to transfer this case to the Southern District of New York under 28 U.S.C. § 1404(a).

**APPLICABLE LAW**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28

1

U.S.C. § 1404(a).  The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).   If so, under § 1404(a), a court examines "the convenience of the parties and witnesses."  *Id*.  The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight.  *Id*.

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive.  *Id*.  The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application.  *Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's forum choice by itself is not conclusive or determinative.  *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  *But see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 828 (5th Cir. 1986) ("Once the Court has determined that an adequate, available forum exists, the next step is to proceed to a balancing of the public and private interest factors, bearing always in mind that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'") (quoting *Gulf Oil*, 330 U.S. at 508).  A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims.  *In re Volkswagen AG*, 371 F.3d at 204.  The movant bears the burden of proof in demonstrating that transfer is warranted.  *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 570 (E.D. Tex. 2004) (Folsom,

J.) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

<h2 style="text-align:center">ANALYSIS</h2>

Neither the parties nor the Court dispute that venue is proper in this district or that the case could have been in the Southern District of New York.

**Private Interest Factors**

Metrologic argues that none of the voluminous technical and sales documents that will be exchanged between the parties are located in Texas; they are located in either New York or New Jersey.  These documents will need to be exchanged regardless of where the case is tried.  And regardless of where the case is tried, the documents will most likely be exchanged electronically.  Metrologic has not explained how transferring this case to the Southern District of New York would make document production less burdensome on either party.  *See, e.g.*, *Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795, 799 (E.D. Tex. March 23, 2006) (Davis, J) (giving little weight to document production), *mandamus denied*, *In re D-Link Corp.*, Misc. No. 822, 2006 WL 1582211 (Fed. Cir. June 2, 2006).  Accordingly, Metrologic has not shown that access to proof favors transfer.

Metrologic contends that the Southern District of New York would be more convenient for the parties, their attorneys, and their witnesses.  Since Symbol chose to bring suit here, the Court assumes this forum is convenient for Symbol.  The parties' attorneys' convenience is not a factor to be considered.  *In re Horseshoe Entm't*, 337 F.3d at 434.  According to Metrologic, four of the inventors are located in New York, two are located in Florida, and one is located in California. Some of the most important witnesses will likely be those with personal knowledge of relevant prior art.  *Network-1*, 433 F. Supp. 2d at 803.  At this stage, it is difficult to identify who those witnesses will be or where they are located.  *See id*.  Typically, witnesses in patent cases come from all over the country or world.  *Id*.  Thus, regardless of where the trial is held, many witnesses, including

3

third-party witnesses, will likely need to travel a significant distance. *Id*. If this Court cannot compel a witness's attendance at trial, neither party is prevented from using the witness's video-taped deposition at trial. Metrologic also contends that the Southern District of New York would be more convenient for Omniplanar, a designer of software that is used in some of Metrologic's products. Although Metrologic has not specified why the testimony of an Omniplanar employee may be necessary at trial, as a subsidiary of Metrologic, the Court  does not anticipate that the compulsory process will be necessary to compel the attendance of any necessary Omniplanar witnesses. Accordingly, the availability of the compulsory process to secure witnesses' attendance and the willing witnesses' cost of attendance do not favor transfer.

As to all other practical problems that make the case's trial easy, expeditious, and inexpensive, when asked why he filed this case in the Eastern District of Texas, Symbol's attorney responded that,

> Frankly, there's nothing like the patent rules up in New York. . . .
>     . . . .
>     . . . [J]ust the fact that we have the early disclosures of infringement positions; we've got the claim charts underway; we're going to get that to them, you know, promptly; the requirement of having their invalidity contentions to us promptly, those are things we don't have in other courts. . . .
>     . . . And so it will save us time, it will save us money, and it will much more likely lead to a prompt determination, respectfully, Your Honor, if you keep the case. . . .
>     . . . .
>     . . . I try patent cases all over the country.  And when we get before a judge—and obviously they all work hard and mean well and want to do the best—that doesn't understand patents or doesn't like patent cases, it's—it takes years longer; it's much more expensive; there are no procedures in place to make it work efficiently.

Transcript at 4:17–18; 7:2—8; 7:13—16; 15:23–16:4 (Docket No. 25).  From his perspective, this Court's Patent Rules will help make this litigation easy, expeditious, and inexpensive.  Metrologic did not rebut Symbol's argument that this case would be more efficiently and inexpensively litigated in a forum that has adopted specific rules for managing patent cases.  Nor did Metrologic rebut the

idea that this district's efficient and expeditious management of patent cases makes it a relatively convenient forum.

**Public Interest Factors**

The parties cite conflicting statistics on whether cases are generally resolved more quickly in this district than in the Southern District of New York.  However, none of the statistics were specific to patent cases.  Currently, this case is set for *Markman* hearing in September 2007 and for trial in November 2008.  Accordingly, court congestion does not favor transfer.

Although Metrologic seeks transfer to the Southern District of New York, neither party is located there.  Residents of the Southern District of New York and the Eastern District of Texas thus share the same interest in resolving this case and enforcing the patent laws in their communities.  This does not favor transfer.  *See Network-1*, 433 F. Supp. 2d at 801.

Since both forums would apply federal law, both forums are likely familiar with the law and there are no conflict of law issues.  These factors do not support transfer.

**CONCLUSION**

Symbol's most convincing argument focuses on "the interest of justice," *see* 28 U.S.C. § 1404(a), and that the most convenient district is the district which would provide the parties and judicial system with the most efficient and least expensive resolution of the case.  Weighing this consideration and all of the other factors, Metrologic has not met its burden to show that transfer is warranted.

**So ORDERED and SIGNED this 8th day of August, 2006.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**